

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-25-00017-CV

MICHAEL KELLEY, APPELLANT/CROSS-APPELLEE

V.

CARL SATTERLEE, DANA MARIE MARTIN, AMANDA CAPANEAR, ADRIAN
LINDEEN, AND AMI LYNNE MENDOZA GLOVER, APPELLEES/CROSS-APPELLANTS

On Appeal from the 368th District Court
Williamson County, Texas[1]
Trial Court No. 24-1614-C368, Honorable Sarah Bruchmiller, Presiding

November 20, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Michael Kelley appeals the dismissal of his lawsuit against Carl Satterlee under

the Texas Citizens Participation Act (TCPA).[2]  His two issues contend that the trial court

---

[1] This cause was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  See TEX. GOV'T CODE § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] While Kelley's suit named other defendants, the trial court granted Satterlee's TCPA motion to dismiss and severed Kelley's claims against Satterlee from his claims against the other defendants.  The present appeal addresses only Kelley's suit against Satterlee.

erred in granting Satterlee's motion to dismiss and in awarding Satterlee attorney's fees and sanctions. Satterlee filed a cross-appeal seeking an award of attorney's fees incurred on appeal. We affirm the trial court's dismissal order and order on attorney's fees and sanctions, and remand for further proceedings consistent with this opinion.[3]

**BACKGROUND**

The impetus for Kelley's lawsuit was certain Facebook posts made on group pages. None of the posts purport to have been made by Satterlee. Prior to filing suit, Kelley sent the defendants a "cease and desist" letter seeking removal and retraction of the posts. This letter did not identify any statement made by Satterlee. Satterlee responded to this letter contending that he did not make any Facebook posts about Kelley. Nonetheless, Kelley filed suit against the defendants, including Satterlee.

Kelley's petition alleged that all five defendants engaged in conduct that defamed him, tortiously interfered with a business relationship, intentionally inflicted emotional distress, and engaged in a civil conspiracy against him. Each of these claims were predicated on the defendants' claimed defamatory statements. However, nothing in Kelley's petition identified any statements, defamatory or otherwise, made by Satterlee. Instead, Kelley specifically alleged that Satterlee "investigated [Kelley's] personal and professional history," took advantage of his wife's employment with the Georgetown Police Department to obtain information about Kelley and others, "posed as an employer

---

[3] We note that the trial court ordered all claims against Satterlee dismissed with prejudice in a dismissal order and separately issued an order granting Satterlee's request for attorney's fees and sanctions. Because the issues in this appeal apply to both orders, references to the trial court's "dismissal order" will refer to these orders collectively. After reviewing the record, we conclude that the two orders actually dispose of all claims under this cause between Kelley and Satterlee. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (when multiple orders collectively dispose of all claims and all parties, the order determining the last claim is final).

2

of Villages of Berry Creek HOA board members and contacted those board members' former employers and spouses for phony background checks," and "contacted [Kelley's] ex-wife in order to uncover negative information about [Kelley]."

In response to Kelley's lawsuit, Satterlee and his codefendants filed a motion to dismiss under the TCPA. After the motion was set for a hearing, the defendants filed an amended motion to dismiss that added the affirmative defense of truth and sought depositions of Kelley's ex-wives. The trial court granted the request for limited discovery. After these depositions were taken, the defendants supplemented their amended motion to dismiss to include the deposition testimony of Kelley's ex-wives.

The trial court held a hearing on the motion to dismiss. The trial court granted the motion in part and denied it in part. As to claims against Satterlee, however, the trial court granted the motion and dismissed those claims with prejudice. In its order dismissing Kelley's claims against Satterlee, the trial court highlighted that Kelley's claims asserted that "all defendants made the communications at issue and/or conspired with all other defendants to publish the communications at issue." On Satterlee's motion, the trial court severed Kelley's claims asserted against Satterlee. The trial court awarded Satterlee attorney's fees of $14,507.67 and sanctions of $1,000. From this dismissal order, Kelley timely appeals. Satterlee cross-appeals.

## STANDARD OF REVIEW AND APPLICABLE LAW

The TCPA's purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the

3

rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002.[4]  We are directed to construe the TCPA liberally to effectuate this purpose fully.  § 27.011(b).  The statute fulfills its purpose by authorizing a motion to dismiss early in the covered proceedings, subject to expedited interlocutory review. *McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 914 (Tex. 2023).  "[W]e must construe [the TCPA's] individual words and provisions in the context of the statute as a whole."  *Youngkin v. Hines,* 546 S.W.3d 675, 680–81 (Tex. 2018).

We review a ruling on a TCPA motion to dismiss utilizing a three-step, burden-shifting process: (1) the movant seeking dismissal must demonstrate that a "legal action" has been brought against it and that the action is "based on or is in response to" an exercise of a protected constitutional right; (2) if the movant succeeds in making this demonstration, the burden shifts to the party bringing the legal action to avoid dismissal by establishing, by clear and specific evidence, a prima facie case for each essential element of the claim in question; (3) if the nonmovant meets this burden, the burden shifts back to the movant to justify dismissal by establishing an affirmative defense or other ground on which it is entitled to judgment as a matter of law.  *Newstream Roanoke 6.125, LLC v. Shore*, No. 02-22-00506-CV, 2023 Tex. App. LEXIS 6958, at *8–9 (Tex. App.—Fort Worth Aug. 31, 2023, no pet.) (mem. op.).  If the movant fails to meet this initial burden, the motion to dismiss fails.  *Id*. at *9.  However, "[w]hen it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more."  *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

---

[4] Further references to provisions of the Texas Civil Practice and Remedies Code will be by reference to "section __" or "§ __."

4

We review a trial court's determination of a TCPA motion to dismiss de novo. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021). We consider the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and supporting and opposing affidavits stating facts on which liability or the defense is based. § 27.006(a). We are to view the pleadings and evidence in the light most favorable to the nonmovant. *Kassab v. Pohl*, 612 S.W.3d 571, 577 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). Whether the TCPA applies is an issue of statutory construction, which we also review de novo. *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

## KELLEY'S FIRST ISSUE

By his first issue, Kelley contends that the trial court erred in granting Satterlee's TCPA motion to dismiss.

## Applicability of the TCPA to Kelley's Claims

We begin our analysis with the first step of the three-step process under the TCPA: whether Satterlee established that the TCPA applies to Kelley's claims. Under the TCPA, a party may file a motion to dismiss if a legal action is based on or in response to a party's exercise of the right of free speech, right to petition, or right of association. § 27.003(a). Satterlee contends that Kelley's claims against him are based on or in response to Satterlee's exercise of the right of free speech.

In determining whether a legal action should be dismissed, the court shall consider the pleadings, evidence that could be considered in a traditional summary judgment, and affidavits. § 27.006(a). The plaintiff's petition is the "best and all-sufficient evidence of

5

the nature of the action." *Hersh*, 526 S.W.3d at 467. "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Id.* A defendant moving for dismissal need only show that the plaintiff's legal action is based on or in response to a communication made in connection with a matter of public concern; not that the communication actually occurred. *Id.* "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Id.*

The phrase "matter of public concern" under the TCPA refers to matters of political, social, or other concern to the community as opposed to purely private matters. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 135 (Tex. 2019). Speech deals with matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community. *Snyder v. Phelps*, 562 U.S. 443, 453, 131 S. Ct. 1207, 179 L. Ed. 2d 172 (2011). Public matters include, among other things, commission of, prosecution of, and judicial proceedings relating to crime. *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017). A matter of public concern includes an issue related to health, safety, or community well-being. *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017).

In asserting his cause of action for defamation, Kelley contends, through his live pleading, that "Defendants, acting in concert, defamed Plaintiff by making false statements about Plaintiff's character, personal history, employment history, and other personal characteristics." As to each of his other claims, his pleading makes allegations against the defendants collectively and contends that each defendant is jointly and severally liable for the damages caused. That Kelley claimed that Satterlee made defamatory statements is evidenced by his statement in response to Satterlee's motion

to dismiss that, "Moving Defendants concede that the online statements were made by them (except for Mr. Satterlee, whose defamatory statements will be revealed in discovery)."

However, to be covered by the TCPA, these statements must be made in connection with a matter of public concern. Statements attributed to the defendants include an allegation that Kelley committed domestic violence toward his wife and child; attempted to assault Capanear's fiancée; installed cameras in a public amenity area to spy on community members, including minor children; engaged in inappropriate behavior with students, including those he taught; made racist or bigoted comments toward students; and possesses a pedophilic attraction toward young boys. We agree with Satterlee that Kelley's pleadings allege that Satterlee made these communications and that these communications were made in connection with a matter of public concern. Allegations that a local public-school teacher had previously committed violent crimes and/or acted inappropriately toward students constitute a matter of public concern.

In response to Satterlee's TCPA motion to dismiss, Kelley essentially takes the unusual position of arguing for us to liberally construe his petition as *not* presenting a cause of action against Satterlee. In his appellate brief, Kelley argues that "[n]one of Satterlee's filings . . . identify <u>any communications by Satterlee</u>, and there is no impact on Satterlee's right to freedom of expression that would qualify him to move [for dismissal] under the TCPA." Kelley also contends that "Satterlee specifically conceded that he did not make any Facebook comments and that there is no evidence, including the Petition, of any comments or other statements that he made." However, as Satterlee contends in his brief, "Kelley cannot plead that Satterlee was responsible for making defamatory

7

statements causing his alleged injury and then try to avoid the use of the TCPA by arguing out of the other side of his mouth that because there were no statements [made] by Satterlee[,] the TCPA does not apply." The cases cited by Kelley are distinguishable in that each of them involves a situation where the claims asserted did not allege that the defendants made a statement. *See Davis v. Weston*, No. 03-22-00378-CV, 2024 Tex. App. LEXIS 8457, at *20–21 (Tex. App.—Austin Dec. 6, 2024, no pet.) (mem. op.) (TCPA does not apply to conduct); *Lugo v. Sanchez*, No. 03-21-00058-CV, 2021 Tex. App. LEXIS 9222, at *13 (Tex. App.—Austin Nov. 12, 2021, pet. denied) (mem. op.) (TCPA not applicable when plaintiff's claims do not implicate defendant's communications); *Sullivan v. Tex. Democratic Party*, No. 03-19-00936-CV, 2021 Tex. App. LEXIS 2593, at *15–16 (Tex. App.—Austin Apr. 6, 2021, pet. denied) (mem. op.) (same); *Encore Enters. v. Shetty*, No. 05-18-00511-CV, 2019 Tex. App. LEXIS 3431, at *9 (Tex. App.—Dallas Apr. 29, 2019, pet. denied) (mem. op.) (same). Here, Kelley's claims that the "[d]efendants, acting in concert, defamed Plaintiff by making false statements" clearly alleges that Satterlee made the allegedly defamatory statements. And, as we decided above, these communications were made in connection with a matter of public concern.

For the foregoing reasons, we conclude that Satterlee demonstrated that the legal action brought against him by Kelley is based on or in response to his exercise of a protected constitutional right.

**Clear and Specific Evidence of Each Essential Element**

Having determined that Satterlee met his burden to show that Kelley's claims are based on or in response to his free speech rights, we must now assess whether Kelley

8

met his burden to present clear and specific evidence of a prima facie case of each essential element of his claims against Satterlee.[5] As all of Kelley's claims depend on his allegation that the defendants defamed him, we examine the evidence that Kelley presented of each essential element of his defamation claim.

The elements of defamation are (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement; and (4) damages resulted, unless the statement constitutes defamation per se. *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017).

Kelley does not meet his burden to make a prima facie case for the first of these elements: that Satterlee published a false statement. Kelley's defamation claim simply asserts that Satterlee, acting in concert with the other defendants "defamed [Kelley] by making false statements . . . ." However, the specific allegations regarding Satterlee that are contained in Kelley's pleadings do not allege that he published any statement.[6] To be actionable, the defamation must be attributed to the defendant. *Western Mktg. v. AEG Petro., LLC*, 616 S.W.3d 903, 917–18 (Tex. App.—Amarillo 2021, pet. denied) (citing *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam)). The lack of any

---

[5] Once Satterlee makes an initial showing by a preponderance of the evidence that Kelley's defamation suit is based on his exercise of free speech, the trial court must dismiss the action unless Kelley establishes a prima facie case for each essential element of the claim by clear and specific evidence. § 27.005(c); *Youngkin*, 546 S.W.3d at 679.

[6] Kelley's pleading alleges that Satterlee investigated Kelley's personal and professional history in an attempt to find any evidence to support each Defendant's defamatory statements about Kelley, took advantage of his wife's employment with the Georgetown Police Department to access the Department's computers and databases to find information about the Villages of Berry Creek HOA board members (of which Kelley was President), posed as an employer of Villages of Berry Creek HOA board members and contacted those board members' former employers and spouses for phony employment background checks in order to uncover negative information about the board members, and contacted Kelley's ex-wife to uncover negative information about him. None of these specific allegations contend that Satterlee made or published any statement about Kelley.

9

statement by Satterlee is further evidenced by Kelley's response to Satterlee's motion to dismiss, in which Kelley states that "[n]either the Motion [to dismiss] nor the Supplement[al motion] identify any of Mr. Satterlee's communications on which the petition is based." He goes on to contend that "[b]ecause Defendant Satterlee has failed to identify any protected communication that he made that is the basis for the petition, the Motion must be denied as to Defendant Satterlee." However, this argument reverses the burden. As the defendant, Satterlee can rely on the allegations made by Kelley to establish that Kelley's claims are based on or related to Satterlee's exercise of his right of free speech but he does not bear the burden to "identify any protected communication that he made . . . ." (emphasis omitted). Rather, after Satterlee showed that the TCPA applied to Kelley's claims, it was Kelley who bore the burden to present clear and specific evidence of each essential element of his claims. Nothing in Kelley's pleading or evidence identifies any allegedly defamatory statement made by Satterlee. In fact, in the hearing on Satterlee's attorney's fees, Kelley admitted that, after taking Satterlee's deposition, "we don't have a claim against him, and the case [against Satterlee] is over." Because Kelley has not identified any statement published by Satterlee, he likewise cannot establish the remaining three elements of his defamation claim. Thus, we conclude that the trial court did not err in granting Satterlee's TCPA motion to dismiss.

**Timeliness of Supplemental Motion to Dismiss**

Kelley further raises the issue of the timeliness of the defendants' supplemental motion to dismiss. Assuming without deciding that the defendants, including Satterlee, untimely filed their supplemental motion, Kelley contends that the affirmative defense of truth was waived because it was not asserted by a timely filed pleading. Because we

10

conclude that Kelley does not meet his burden to present clear and specific evidence of a prima facie case of each essential element of his claims against Satterlee, we need not address the third step in the TCPA analysis: whether Satterlee has established an affirmative defense or other ground on which he is entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, we conclude that the trial court did not err in granting Satterlee's TCPA motion to dismiss and overrule Kelley's first issue.

**KELLEY'S SECOND ISSUE**

By his second issue, Kelley contends that the trial court abused its discretion in awarding Satterlee $14,507.67 in attorney's fees and $1,000 in sanctions under the TCPA. However, a successful motion to dismiss under the TCPA requires the trial court to grant the moving party "court costs and reasonable attorney's fees incurred in defending against the legal action" and allows that it may award "sanctions against the party who brought the legal actions as the court determines sufficient to deter" future actions that violate the TCPA. § 27.009(a). Beyond contending that Satterlee is not entitled to attorney's fees because his motion to dismiss should have been denied, Kelley contends that Satterlee failed to prove the amount of reasonable and necessary attorney's fees and that the trial court erred in imposing sanctions against Kelley.

## Attorney's Fees

When, as here, the applicable statute mandates that the prevailing party shall recover attorney's fees, the award of fees is not discretionary. *Hoelscher v. Kilman*, No.

11

03-04-00440-CV, 2006 Tex. App. LEXIS 1351, at *10 (Tex. App.—Austin Feb. 16, 2006, no pet.) (mem. op.); *see* § 27.009(a)(1) (when TCPA motion to dismiss is granted, trial court "shall award . . . reasonable attorney's fees incurred in defending against the legal action . . .").  "However, before a court can award attorney's fees, the party must prove that they are reasonable and necessary."  *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019); *Hoelscher*, 2006 Tex. App. LEXIS 1351, at *11 (citing *Manon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 75 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  The reasonableness of the fees is generally a question of fact and rests within the sound discretion of the trial court.  *Landa v. Rogers*, No. 03-21-00097-CV, 2023 Tex. App. LEXIS 2069, at *25 (Tex. App.—Austin Mar. 30, 2023, no pet.) (mem. op.).  The party seeking attorney's fees must prove the amount and reasonableness of the fees sought, which must include documentation of the services provided, who provided them and at what hourly rate, when they were performed, and how much time the work required.  *Id.* (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762–63 (Tex. 2012)).  The proponent of the award of attorney's fees should first establish the lodestar amount: the calculation of the reasonable hours spent on the case by counsel multiplied by a reasonable hourly rate for the attorney and his staff.  *Rohrmoos Venture*, 578 S.W.3d at 494.  The lodestar amount is "presumptively reasonable."  *Id.* at 496.  When a lawsuit involves multiple claims or parties, the proponent of attorney's fees must segregate recoverable fees from those incurred by parties or on claims for which fees are not recoverable.  *Clearview Props., L.P. v. Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 143 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).  However, an estimate of the relative time spent on recoverable versus nonrecoverable time may be sufficient to establish

segregation of the fees sought. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006). When evidence of attorney's fees is clear, positive, and could have been readily controverted but was not refuted by the party opposing the award of attorney's fees, the amount of attorney's fees are established as a matter of law. *Hoelscher*, 2006 Tex. App. LEXIS 1351, at *12 (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990)). We review a trial court's decision to grant or deny attorney's fees under an abuse of discretion standard, and we review the amount awarded under a legal sufficiency standard. *Id.* at *9–10 (citing *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 262 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m. by agr.)).

In the present case, Satterlee presented evidence of the lodestar amount of his attorney's fees. Kelley did not object to Satterlee's affidavit and itemization of his attorney's fees. This evidence was clear, positive, and could have been readily controverted, but Kelley did not challenge this evidence by cross-examination of Satterlee's counsel or by other evidence.[7] Consequently, the lodestar amount of Satterlee's attorney's fees was established as a matter of law. *See id.* at *12 ("Evidence of attorney's fees that is clear, direct, and uncontroverted is taken as true as a matter of law, especially where the opposing party had the means and opportunity of disproving

---

[7] Kelley contends for the first time in his reply brief that he was afforded insufficient time to controvert Satterlee's counsel's affidavit because Kelley did not receive it until the night before the hearing. While Kelley's counsel noted when the affidavit was received, he did not contend that the late receipt prevented him from contesting the evidence. Nor did he request a continuance.

Also, for the first time in his reply brief, Kelley points to redactions contained in the billing records submitted with Satterlee's counsel's affidavit as impugning whether these records are clear, positive, and controvertible. Kelley did not make this argument to the trial court. Further, while Satterlee did not identify the reason for the redactions at the hearing, on appeal, he explains that he "removed or reduced items that were not recoverable." A review of the records allows for a reasonable conclusion that this was the purpose of the redactions and reductions. Further, Kelley acknowledges that these redacted entries were not included in the total fees sought by Satterlee.

13

the evidence but did not."). Kelley also did not object to or contest Satterlee's counsel's contention that the appropriate amount of Satterlee's attorney's fees is an apportionment of one-third of the attorney's fees charged to the three defendants represented by Satterlee's counsel.[8] An estimate of attorney's fees incurred on recoverable tasks is sufficient for segregation. *Chapa*, 212 S.W.3d at 314. Kelley voiced no objection to Satterlee's evidence of the attorney's fees he incurred in defending against Kelley's suit and Kelley presented no contrary evidence. We conclude that there was sufficient evidence to support the trial court's award of Satterlee's reasonable and necessary attorney's fees in the amount of $14,507.67.

## Sanctions

Sanctions are a subset of damages and costs that are awardable under the TCPA. *See* § 27.009. A trial court may award sanctions it deems "sufficient to deter the party who brought the legal action from bringing similar actions" in the future. § 27.009(a)(2). This Court reviews sanction awards under an abuse of discretion standard. *Serafine v. Blunt*, No. 03-23-00046-CV, 2024 Tex. App. LEXIS 5209, at *12 (Tex. App.—Austin July 24, 2024, no pet.) (mem. op.) (citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)).

The trial court noted that sanctions were justified by Kelley's admission in pleadings and in open court that he had no evidence of any defamatory comments made by Satterlee. The trial court acted within its discretion to sanction Kelley for bringing a

---

[8] Contrary to Kelley's contention in his brief, Satterlee's counsel specifically stated at the hearing regarding attorney's fees that "there's no way to segregate the work between at least my three defendants. So[,] I'm asking the Court to award one-third of that amount [the lodestar amount for all three defendants], which would be [$]14,507.67, to Mr. Satterlee." Kelley voiced no objection to this approach and did not argue before the trial court that Satterlee's affidavit would allow for a more exacting segregation of fees.

defamation suit against Satterlee when Kelley could not identify any defamatory statement made by Satterlee. As to the amount of the sanction, Satterlee requested $50,000. However, the trial court awarded the significantly smaller sum of $1,000. The trial court stated in its order granting sanctions that the $1,000 amount "is sufficient to deter Kelley from bringing similar actions . . . ." Kelley has not established that the trial court abused its discretion by imposing $1,000 in sanctions against him.

Kelley argues that Satterlee is not entitled to sanctions because he did not specifically plead for them. However, the applicable statute provides that sanctions may be awarded at the court's discretion as a deterrence against the plaintiff bringing similar suits in the future. § 27.009(a)(2). Kelley identifies no authority that requires a movant under the TCPA to specifically request sanctions.

## Conclusion

We conclude that Kelley has not established that the trial court abused its discretion in awarding Satterlee $14,507.67 in attorney's fees and imposing $1,000 in sanctions against Kelley.

SATTERLEE'S CROSS-POINT

Satterlee filed a cross-appeal contending that the trial court abused its discretion in not awarding him appellate attorney's fees. Kelley's sole response is that the trial court erred in granting Satterlee's motion to dismiss, so he was not entitled to appellate attorney's fees. We have previously decided that the trial court properly granted Satterlee's motion to dismiss.

As previously discussed, because Satterlee successfully moved to dismiss Kelley's claims against him under the TCPA, the trial court was required to award Satterlee "court costs and reasonable attorney's fees incurred in defending against the legal action . . . ." § 27.009(a)(1). The transferor court has held that when a party who is entitled to attorney's fees under an applicable statute presents uncontroverted evidence of anticipated appellate attorney's fees, it is an abuse of discretion for the trial court not to award such fees. *See Hoelscher*, 2006 Tex. App. LEXIS 1351, at *15 (trial court abused discretion by not awarding appellate attorney's fees when mandated by statute and uncontroverted evidence of fees presented); *see also Lee v. Perez*, 120 S.W.3d 463, 469–70 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (trial court abused discretion by awarding no appellate attorney's fees after receiving uncontested evidence of attorney's fees). "The party seeking attorneys' fees bears the burden of proof and must supply enough facts to support the reasonableness of the amount awarded." *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020). Because contingent appellate fees have not yet been incurred, the party seeking to recover these fees must provide expert "opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.* at 355.

In the present case, because the trial court granted Satterlee's motion to dismiss, the trial court abused its discretion in failing to award him appellate attorney's fees. § 27.009(a)(1); *Hoelscher*, 2006 Tex. App. LEXIS 1351, at *15; *Lee v. Perez*, 120 S.W.3d 463, 469–70. Satterlee supported his request for attorney's fees with expert testimony in the form of an affidavit from his attorney, who testified to his qualifications, experience, and familiarity with the reasonable, usual, and customary attorney's fees charged in

16

"Williamson, Travis Counties, and surrounding counties for a case of this type." He testified to his hourly rate and the hourly rate of his associate and legal assistants. As to contingent appellate fees, he stated that Satterlee will incur $12,000 in reasonable and necessary attorney's fees in the event of an appeal with an additional $6,000 if oral argument is requested. He also concluded that Satterlee would incur an additional $6,000 in reasonable and necessary attorney's fees to respond to a petition for discretionary review (PDR), an additional $12,000 for a merits brief if the PDR is granted, and an additional $12,000 if oral arguments are requested by the Texas Supreme Court. Satterlee's counsel's affidavit was uncontroverted by Kelley.

While the affidavit provides evidence of his and his colleagues' reasonable hourly rates, it does not include any other facts to support the reasonableness of the contingent appellate fees. For example, it lacks an estimate of the hours required in the event of an appeal or any description of the work that responding to such an appeal would entail. *See Yowell*, 620 S.W.3d at 355 (requiring evidence of reasonable hourly rate and services party reasonably believes will be necessary to defend appeal). While Satterlee is entitled to an award of appellate attorney's fees, the evidence he presented to the trial court is not sufficient to allow this Court to render judgment for those fees. Consequently, we must remand this issue to the trial court to determine Satterlee's reasonable and necessary appellate attorney's fees.

We sustain Satterlee's cross-point that the trial court abused its discretion by failing to award him appellate attorney's fees. However, we conclude that the record does not provide sufficient evidence for this Court to render an award of appellate attorney's fees. Consequently, we remand the case to the trial court for a determination of such fees.

17

## CONCLUSION

We overrule both of Kelley's appellate issues and affirm the trial court's dismissal order. We also affirm the trial court's order on attorney's fees and sanctions. We remand the case to the trial court for the limited purpose of determining Satterlee's reasonable and necessary appellate attorney's fees.

Judy C. Parker<br>
Justice